# IN THE UNITED STATES DISTRICT COURT
# NOTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOSE RAMOS and GREGARIO LOPEZ, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CUMMINS ENTERPRISES, INC., and KEVIN CUMMINS, Jointly and Severally,<br><br>Defendants. | Case No.:_____ |

## COLLECTIVE ACTION COMPLAINT
### (Jury Trial Demanded)

Plaintiffs, Jose Ramos and Gregario Lopez, individually and on behalf of all others similarly situated, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1. Defendants operate a commercial construction, demolition, and excavation company called Cummins Enterprises, Inc. based out of Cartersville, Georgia.

1

2. Plaintiff Ramos worked for Cummins Enterprises, Inc. as a welder.

3. Plaintiff Lopez worked for Cummins Enterprises, Inc. as a welder's helper.

4. Plaintiffs were paid straight-time for all hours worked, despite working in excess of 40 hours per week throughout their employment.

5. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiffs, and have yet to receive redress is unknown at this time, but believed to be at least 20.

6. Plaintiffs brings this action on behalf of themselves and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq., and supporting regulations.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while

Plaintiffs performed work for Cummins Enterprises, Inc. in Fulton County, Georgia and Cobb County, Georgia.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

10. Plaintiff, Jose Ramos, was at all relevant times, an adult individual residing at 72 Burnt Hickory Dr., Cartersville, GA, 30120, which is in Bartow County.

11. Plaintiff, Gregario Lopez, was at all relevant times, an adult individual residing at 72 Burnt Hickory Dr., Cartersville, GA, 30120, which is in Bartow County.

**Defendants:**

12. Defendant Cummins Enterprises, Inc., is an active Georgia corporation. Its principal place of business is 120 Riverside Dr. SW, Cartersville, GA, 30120, which is in Bartow County.

13. Upon information and belief, Defendant Kevin Cummins is an owner, officer, director and/or managing agent of Cummins Enterprises, Inc. Mr. Cummins' address

is unknown at this time.

14. Kevin Cummins (the "Individual Defendant") participated in the day-to-day operations of Cummins Enterprises, Inc., and acted intentionally and maliciously. The individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with Cummins Enterprises, Inc. (the "Corporate Defendant").

15. Upon information and belief, the Individual Defendant jointly set the unlawful payroll policies complained of in this complaint for all Corporate Defendant.

16. At all relevant times, Defendants have been employers of Plaintiffs, and/or joint employers within the meaning of the FLSA.

17. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

18. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, in that they run a commercial construction company that obtains much of its equipment and supplies from various

parts of the United States, within the meaning of 29 U.S.C. § 203(s)(1)(A)(i). Furthermore, Defendants perform construction services such as creating building infrastructures for businesses which operate in interstate commerce, within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

19. At all relevant times, Defendants have been in the construction industry, supplying customers with their construction, demolition, and excavation needs.

20. Upon information and belief, the Individual Defendant handles payroll and record keeping and is actively involved with the day-to-day operations of the business.

21. Plaintiff Ramos was employed by Defendants as a welder. Mr. Ramos's job duties included: joining, fabricating, and repairing metal and other weldable material by applying welding techniques and operating various welding devices. Mr. Ramos worked for Defendants from May 2005 to September 24, 2017.

22. Mr. Ramos worked an average of 64 hours per week.

23. Mr. Ramos was paid $19 per hour. Mr. Ramos was paid straight-time for all hours worked for each week of his employment.

24. Plaintiff Lopez was employed by Defendants as a welder's helper. Mr. Lopez's job duties included: assisting the welders with welding, and servicing and repairing machines and equipment. Mr. Lopez worked for Defendants from July 2012 to July 31, 2016.

25. Mr. Lopez worked an average of 64 hours per week.

26. Mr. Lopez was paid $12 per hour. Mr. Lopez was paid straight-time for all hours worked for each week of his employment.

27. This failure to pay overtime premium wages to these blue-collar hourly workers can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## STATEMENT OF CLAIM

28. Mr. Ramos worked 64 hours per week, which includes 40 regular hours and 24 overtime hours. Mr. Ramos was paid straight-time for all hours worked. His rate of pay was $19 per hour, so his "half-time rate" is $9.50 per hour, for the purposes of computing overtime.[1] 24 overtime hours multiplied by $9.50 half-time rate, equals $228 unpaid overtime per week. The relevant employment period for the

---

[1] The half-times-rate is determined by dividing the regular rate of pay by 2.

6

purposes of this FLSA action is April 5, 2015 to September 24, 2017 (129 weeks). 129 weeks multiplied by $228 unpaid overtime per week, equals $29,412 in unpaid overtime wages. If the Court grants liquidated damages for Mr. Ramos, pursuant to 29 U.S. Code § 216(b), then the total damages are $29,412 plus $29,412, which equals $58,824.

29. Therefore, Plaintiff Ramos is owed $58,824.

30. Mr. Lopez worked 64 hours per week, which includes 40 regular hours and 24 overtime hours. Mr. Lopez was paid straight-time for all hours worked. His rate of pay was $12 per hour, so his "half-time rate" is $6 per hour, for the purposes of computing overtime. 24 overtime hours multiplied by $6 half-time rate, equals $144 unpaid overtime per week. The relevant dates of employment for this FLSA action are April 5, 2015 to July 31, 2016 (69 weeks). 69 weeks multiplied by $144 unpaid overtime per week, equals $10,080 in unpaid overtime wages. If the Court grants liquidated damages for Mr. Lopez, pursuant to 29 U.S. Code § 216(b), then the total damages are $9,936 plus $9,936, which equals $19,872.

31. Therefore, Plaintiff Lopez is owed $19,872.

32. The total owed to the two Plaintiffs is $58,824 plus $19,872, which equals

**$79,696** in overtime damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33.     Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiffs bring their First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants, at any time since April 5, 2015, and through the entry of judgment in this case (the "Collective Action Period") who worked as a welders, welder's helpers, construction workers, demolition workers, and all other hourly employees (the "Collective Action Members").

34.     A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiffs and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

35.     The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiffs, and have yet to receive redress is unknown at this time, but believed to be at least 20.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

36. Plaintiffs, on behalf of himself, the Collective Action Members, and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

37. As a result of Defendants' failure to compensate its employees, including Plaintiffs and Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiffs and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. 216(b).

38. Defendants have failed to pay overtime to these hourly employees, with no colorable argument as to why these workers are exempt. This constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39. The failure to pay overtime has caused Plaintiffs to suffer lost wages and interest thereon. Plaintiffs and Collective Action Members are entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, attorney's

fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiffs respectfully request that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: April 5, 2018

                                      Respectfully submitted,

**s/ Brandon A. Thomas**
**BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1800 Peachtree Street, N.W., Suite 300
Atlanta, GA 30309
Tel: (404) 343-2441
Fax: (404) 352-5636
brandon@brandonthomaslaw.com
