**IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JESUS RAMOS and GREGORIO LOPEZ, Individually and on Behalf of All Those Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CUMMINS ENTERPRISES, INC., and KEVIN CUMMINS, Jointly and Severally, <br><br> Defendants. | ) ) ) ) ) **Case No.:** ) **1:18-cv-01465-ELR** ) ) ) ) ) ) ) ) |

**PLAINTIFFS' MOTION TO APPROVE SETTLEMENT AND
DISMISS LAWSUIT WITH PREJUDICE**

COMES NOW, Plaintiffs, Jesus Ramos and Gregorio Lopez, by and through undersigned counsel, Brandon A. Thomas, and request that the Court approve the settlement agreement in this case involving Fair Labor Standards Act claims, and dismiss this lawsuit with prejudice. In support of this motion, counsel shows the following:

1. On April 5, 2018, Plaintiffs filed their Complaint (Doc. 1) against

1

Defendants, alleging violations of the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq. ("FLSA").

2. Plaintiffs and Defendants have subsequently reached a global settlement of all claims raised in this lawsuit. A copy of the settlement agreement is attached to this filing as an exhibit.[1]

3. Pursuant to federal law, settlements under the FLSA must be approved by either the Court or the U.S. Department of Labor to be binding. See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In instances involving the necessity of court approval, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353; but see Mackenzie v. Kindred Hosps. E.,L.L.C., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) ("Lynn's Food Stores addresses judicial oversight of 'compromises' of FLSA claims . . . [t]here is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation.").

---

[1] See Exhibit A – Settlement Agreement.

4. Plaintiffs and Defendants have jointly stipulated that the agreement reached encompasses full relief sought under the FLSA, including all unpaid wages, liquidated damages, attorney's fees, and costs.[2] No compromise of Plaintiff's claims has occurred in this settlement.

5. Therefore, Plaintiffs respectfully request this Court approve the attached settlement agreement, and dismiss this lawsuit with prejudice.

Dated: June 25, 2018

                                      Respectfully submitted,

                                      **s/ Brandon A. Thomas**
                                      **BRANDON A. THOMAS**
                                      **GA BAR NO.: 742344**
                                      The Law Offices of Brandon A. Thomas, PC
                                      1800 Peachtree Street, N.W., Suite 300
                                      Atlanta, GA 30309
                                      Tel: (404) 343-2441
                                      Fax: (404) 352-5636
                                      brandon@brandonthomaslaw.com

---

[2] See Id., p. 2, para. 3.

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2018, I filed the foregoing with the Court using the CM/ECF system, and have served Defendants with a copy via U.S. Mail.

Respectfully submitted,

**s/ Brandon A. Thomas**
**BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1800 Peachtree Street, N.W., Suite 300
Atlanta, GA 30309
Tel: (404) 343-2441
Fax: (404) 352-5636
brandon@brandonthomaslaw.com